UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **SAVIER KNOX,** Individually And On Behalf Of All Others, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 17-cv-04171-NKL ) ) **JURY TRIAL DEMANDED** |
| **ADECCO USA, INC.** **d/b/a AJILON** | ) ) ) ) |
| Defendant. | ) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Savier Knox, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action amended complaint against Defendant, Adecco USA, Inc., d/b/a Ajilon, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in a consumer report, in whole or in part, as a

basis for adverse employment action; such as a refusal to hire and/or termination.

7. Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff Knox is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company formed under the laws of Delware doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This matter was originally filed in the Circuit Court of Cole County Missouri. Defendant removed this case to this Court on or about September 13, 2017.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

13. Plaintiff applied for employment with Defendant on or about June 14, 2017.

14. Plaintiff spoke with Ashley who told Plaintiff to come in to apply for a customer service position.

15. Ashley told Plaintiff that they had a job available at the company Professional Service Industries, Inc. ("PSI").

16. Plaintiff was scheduled for an appointment the next day to speak with a

representative from PSI.

17. Plaintiff was told by the PSI represntative that PSI was willing to hire her and she was given a start date of June 26, 2017.

18. Plaintiff called Defendant on or about June 16, 2017, to see if everything was still in order.

19. Plaintiff received a phone call back from Ashey, on or about June 20, 2017, telling her PSI would not be hiring her because of her consumer report.

20. Denying the Plaintiff a job because of her consumer report is an adverse action (as an adverse action is defined pursuant to the FCRA).

21. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

22. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon her consumer report.

23. Plaintiff was not provided with a full copy of her consumer report prior to the adverse action.

24. Plaintif did not fully understand her FCRA rights and did not know if she could or how to properly challenge the adverse action.

25. Plaintiff was told on or about June 20, 2017, that she was denied employment based on her background check, but the pre-adverse action letter and copy of the consumer report was not created until June 28, 2017.

26. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused.

27. Defendant's denial of employment prior to the receipt of the consumer report and

the FCRA Summary of Rights left the Plaintiff confused regarding the ability to challenge any inaccuracy in the consumer report.

28. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused regarding if the information in the FCRA Summary of Rights applied to the Plaintiff.

29. The consumer report concerning the Plaintiff contained inaccuracies.

30. The consumer report concerning the Plaintiff contained duplicate entries of the same residential addresses making it appear as if the Plaintiff has lived more places than she has.

31. The consumer report concerning the Plaintiff contained duplicate entries of what appears to be the same address with conflicting dates of residency.

32. The consumer report concerning the Plaintiff containes inaccurate and misleading information about the alleged dates Plaintiff resided at certain addresses.

33. The consumer report concerning the Plaintiff containes information that indicates some of Plaintiff's alleged residences began and ended the same day.

34. Indicating that the Plaintiff began and ended a residence on the same day is misleading and inaccurate.

35. The consumer report concerning the Plaintiff containes negative information concerning Plaintiff's alleged residence that pre-date the consumer report by more than seven years.

36. The consumer report concerning the Plaintiff contained duplicate entries of the same case.

37. The consumer report concerning the Plaintiff contained a case reference number

that does not exist.

38. The consumer report concerning the Plaintiff is inaccurate and misleading.

39. The consumer report concerning the Plaintiff makes it appear as if the Plaintiff has been charged and convicted of four criminal offenses; that is incorrect.

40. Plaintiff would have contested the inaccurate and misleading information if given the proper opportunity.

41. Plaintiff may have been able to obtain employment if given the proper opportunity to contest the inaccurate information in the consumer report.

42. Defendant contracted with a third party that prior to obtaining consumer reports on individuals for employment purposes, Defendant would provide a clear and conspicuous disclosure that a consumer report may be obtained for employment purposes.

43. Defendant contracted with a third party that prior to obtaining consumer reports on individuals for employment purposes, Defendant would provide a clear and conspicuous disclosure that a consumer report may be obtained for employment purposes in a document that consisted solely of the disclosure that a consumer report may be obtained for employment purposes.

44. Defendant contracted with the third party providing consumer reports that it would provide a copy of the consumer report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a consumer report.

45. The agreements made between the Defendant and the consumer reporting agency contain promises that require the Defendant to abide by the protections provided

by 15 U.S.C. §1681b(b)(2) and b(b)(3).

46. Defendant is aware of the FCRA.

47. Defendant has knowledge that it must comply with the FCRA.

48. The FCRA creates a *de facto* contract between the Plaintiff and the Defendant that if the Defendant accesses a Plaintiff's private information contained in a consumer report then the Defendant will abide by the requirements of 15 U.S.C.§1681b(b)(3).

49. Defendant obtained Plaintiff's and other individual's private information contained in consumer reports but violated the provisions of the FCRA and breached the de facto contract created by the Act.

50. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

51. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

52. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

53. The manner in which the Defendant obtained a consumer report on the Plaintiff is consistent with its policies and procedures governing the procurement of consumer reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

54. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

55. Plaintiff asserts the following proposed class defined as:

    **ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after August 14, 2015, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

### Numerosity

56. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiffs believe that during the relevant time period, hundreds of Defendant's employees and prospective employees would fall within the definition of the class.

### Common Questions of Law and Fact

57. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

    b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first

providing a copy of the report to the affected individuals;

   c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

   d. Whether Defendant's violations of the FCRA were willful;

   e. The proper measure of statutory damages and punitive damages.

### Typicality

58. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports to take adverse actoins but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

59. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

60. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact

overwhelmingly predominate over individual questions that may arise.

61. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

62. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

63. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning

Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

64. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## **FCRA VIOLATIONS**

65. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

66. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff.

67. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

68. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

69. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

70. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

71. Had Defendant complied with the FCRA, Plaintiff would have been given more

time to review, dispute and/or address the information contained in the consumer report.

72. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that was present within the consumer report before being denied employment.

73. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the consumer report.

74. The Defendant's failure to provide the Plaintiff a copy of the consumer report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the consumer report.

75. Being provided a copy of the consumer report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against her.

76. A copy of the Summary of Rights before denied employment would have helped the Plaintiff understand what her rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining employment.

77. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

78. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice through outside employment counsel;

b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report, and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

d. 15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

79. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

80. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

81. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d. Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order finding that the Defendant breached the implied contract with the Plaintiff and other class memebrs;

i. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was submitted on September 27, 2017, via case net to all counsel of record.

/s/ C. Jason Brown
Attorney for Plaintiff